# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES C. FALLON | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 08-5623 |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM AND ORDER

**Savage, J.** November 30, 2009

In a petition filed under 28 U.S.C. § 2255, James Fallon, a former federal prisoner, challenges his conviction and the restitution portion of his sentence. In support of his rambling argument that he was unfairly convicted, he claims there were numerous trial errors, prosecutorial misconduct, perjured testimony and other grounds. He also reiterates his claim that the order of restitution was erroneous.

**Factual and Procedural History**

On October 14, 2003, upon his conviction of one count of wire fraud[1] and three counts of mail fraud,[2] Fallon was sentenced to twelve months and one day in prison; fined $1,000; and ordered to pay restitution in the amount of $55,235.86. The Third Circuit affirmed the conviction, vacated the restitution judgment and remanded to the district court for a restitution hearing. *United States v. Fallon*, 470 F.3d 542 (3d Cir. 2006). On remand, the district court[3] ordered Fallon to pay restitution of $57,437.80, at the rate of $500.00 per month. Fallon appealed the restitution order to the Third Circuit, which affirmed the district

---

[1] 18 U.S.C. § 1342

[2] 18 U.S.C. § 1341

[3] Fallon's sentence was imposed by the Honorable James T. Giles. The petition was reassigned upon the retirement of Judge Giles.

court on October 15, 2008. *United States v. Fallon*, 317 Fed. App'x 128 (3d Cir. 2008).

On November 28, 2008, Fallon filed a *pro se* § 2255 motion. As directed, the Clerk provided Fallon with the standard form. On January 9, 2009, Fallon returned an incomplete form. The government has moved to dismiss the petition arguing that Fallon is no longer in custody and his standard form motion is defectively incomplete. Fallon filed a reply.

Fallon's petition must be dismissed. First, because restitution does not constitute custody under the habeas statute, it is not a cognizable § 2255 challenge. Second, Fallon can not relitigate issues he raised or could have raised in his appeal to the Third Circuit Court of Appeals.

**Discussion**

A petition filed under 28 U.S.C. § 2255 typically may only be filed by a "prisoner in custody." *Kaminski v. United States*, 339 F.3d 84, 91 (2d Cir. 2003). Although Fallon had been released from jail by the time he filed his current petition, the government concedes that it relates back to November 28, 2007, the date he filed his original motion while still in custody. However, it argues that the petition is moot because Fallon's sentence has been served.

A "challenge to the validity of [a] conviction" by someone who is in custody through the duration of the case "always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Nevertheless, a petitioner's release from custody does not always moot a § 2255 motion. Non-custodial conditions may have such burdensome collateral consequences that they

amount to a severe and immediate restraint on liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Under those circumstances, a petitioner may bring a habeas challenge. *Id*. at 351-52. *See also United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d. Cir. 1988).

Fallon filed his original habeas petition while in custody. His subsequent release does not moot his petition. *Spencer v. Kemna*, 523 U.S. at 7. *Obado v. New Jersey*, 328 F.3d 716, 717-18 (3d Cir. 2003). Thus, we consider whether Fallon may challenge the restitution order and the validity of his conviction.

Restitution is not a cognizable habeas claim. *Kaminski v. United States*, 339 F.3d at 85. It does not amount to custody. "The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes." *Obado v. New Jersey*, 328 F.3d at 718.

Fallon's restitution argument has been litigated twice. At the same time it affirmed Fallon's conviction, the Third Circuit remanded his case for a restitution hearing. After that hearing, he again appealed to the Third Circuit which affirmed the restitution order. The restitution claim in his habeas petition is essentially the same as the one already considered and decided by the Third Circuit. It will not be reconsidered here.

His claim of ineffectiveness of counsel is basically two-fold. First, he contends his trial counsel did not present an accounting expert and gave an amateurish closing argument. Second, his attorney at sentencing failed to prepare for and adequately argue the restitution issue.

The latter argument relates to restitution which has been settled by the Third Circuit. The claim directed at trial counsel is meritless. A review of the trial record and particularly

counsel's summation reveals a reasonable and professional strategy.

Fallon's attack on his conviction rehashes arguments he has previously made or could have made on direct appeal. What he characterizes as new evidence is nothing more than a reiteration of his earlier arguments or facts that were known or should have been known to him at the time of trial. He also raises questions regarding the integrity of the prosecution without offering concrete evidence that amounts to misconduct. In essence, he is again attacking his convictions.

A prisoner may not relitigate in a habeas proceeding a claim that was raised and considered on direct appeal. *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993). *See also Dupont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996). Therefore, Fallon's motion must be dismissed.

## Certificate of Appealability

In a § 2255 action, a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not done so. Thus, a certificate of appealability will be denied.