**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO. 10-3889** |
| v. | : : : | **CRIMINAL NO. 02-324** |
| **JAMES C. FALLON** | : : | |

## MEMORANDUM OPINION

Savage, J.                                                                                                             December 2, 2010

In his petition for a writ of *coram nobis* under 28 U.S.C. § 1651(a), James Fallon, a former federal prisoner, once again challenges his fraud conviction and the restitution he was ordered to pay as part of his sentence. As he did in his habeas petition filed under 28 U.S.C. § 2255, he claims there were numerous "facts unknown to the trial court," prosecutorial misconduct in failing to produce certain records, perjured testimony, false claims of loss, and improper calculation of restitution. All of these reasons, according to Fallon, resulted in a "false conviction."

### Factual and Procedural History

On October 14, 2003, upon his conviction of one count of wire fraud[1] and three counts of mail fraud,[2] Fallon was sentenced to twelve months and one day in prison; fined $1,000; and ordered to pay restitution in the amount of $55,235.86. The Third Circuit affirmed the conviction, vacated the restitution judgment, and remanded to the district court for a restitution hearing. *United States v. Fallon*, 470 F.3d 542 (3d Cir. 2006). On remand,

---

[1] 18 U.S.C. § 1342

[2] 18 U.S.C. § 1341

the district court[3] ordered Fallon to pay restitution of $57,437.80, at the rate of $500.00 per month. Fallon appealed the restitution order to the Third Circuit, which affirmed the district court on October 15, 2008. *United States v. Fallon*, 317 F. App'x 128 (3d Cir. 2008).

On November 28, 2008, Fallon filed a *pro se* § 2255 motion. Fallon's petition was dismissed. On June 10, 2010, the Third Circuit denied his request for a certificate of appealability. He then filed his petition for a writ of *coram nobis* on July 30, 2010.

**Discussion**

The writ of *coram nobis* is "designed 'to correct errors of fact.'" *United States v. Denedo*, 129 S. Ct. 2213, 2220 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1951)). Its "precise contours have not been 'well defined.'" *Id.* (quoting *Brenson v. Schulten*, 104 U.S. 410, 416 (1882)). As originally conceived, it provided a vehicle for the court where the judgment was rendered to circumvent the rigidity of finality to correct "technical errors." *Id*. Through its evolution, the writ's application has expanded to correcting fundamental error as well as technical error. *Id.* Because this expansion ran head-on with the rule of finality, the Supreme Court limited its availability to the "extraordinary" case where its application is necessary to achieve justice. *Id*. (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)).

Because its reach is not well-defined, *coram nobis* is better defined as what it is not rather than what it is. It is not available when habeas corpus is an alternative. *Id.*

The *coram nobis* petitioner must establish: (1) his conviction is invalid for lack of jurisdiction; (2) he is no longer "in custody"; (3) the existence of continuing consequences of the conviction; and (4) there is no alternative remedy available at trial. *United States v.*

---

[3] Fallon's sentence was imposed by the Honorable James T. Giles. The case was reassigned upon the retirement of Judge Giles.

*Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989).

Fallon has not shown that his conviction was invalid. He merely contends that it was wrong. Both the district court and the appellate court have determined that it was not. Fallon's case does not present any alleged errors of "'the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'" *United States v. Addonizio*, 442 U.S. 178, 186 (1979) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)).

Fallon is recasting his § 2255 motion as a petition for *coram nobis*. His petition asserts nothing different from what he has asserted in his appeals and his § 2255 motion. In reality, the petition for *coram nobis* is a "second or successive habeas petition," requiring permission to file from the Third Circuit. *See United States v. Hannah*, 174 F. App'x 671, 672 n.1 (3d Cir. 2006).

This is not the extreme case where the extraordinary remedy of *coram nobis* is applicable. Therefore, we shall dismiss the petition.